United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL K. WILSON,

          Petitioner,

    v.

SISKIYOU COUNTY SUPERIOR
COURT,

          Respondent.

Case No.  23-cv-02083-JSC

**ORDER DENYING MOTION FOR A
TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 2

       Petitioner, a California prisoner at Napa State Hospital ("NSH") who is proceeding without a lawyer, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He has not paid the filing fee or filed an application for leave to proceed in forma pauperis ("IFP").  Along with the petition, he filed a motion for a temporary restraining order ("TRO").  (ECF No. 2.)  The motion is very similar to a TRO motion filed the same day in his prior case, *Wilson v. Siskiyou County Superior Court*, No. C 22-1267 JSC (ECF No. 7).

       The motion for a TRO must be denied for the same reasons.  First, this case cannot proceed until Petitioner has paid the filing fee or completed an IFP application.[1]  Second, prior to obtaining a TRO, Petitioner must provide notice to the adverse party or show both irreparable harm and certify in writing his efforts to give notice and the reasons that notice should not be required.  *See* Fed. R. Civ. P. 65(a)(1), 65(b).  Petitioner has not provided notice to the Respondent (who has not been served) or submitted the required certification regarding the lack of notice.  Third, the motion complains about and seeks to enjoin the conditions of his confinement at NSH, such as harassment

---

[1] The Clerk has notified Plaintiff that he needs to pay the filing fee or file an IFP application within 28 days or the case will be dismissed, and along with that notice mailed the Court's IFP application, instructions for completing the application, and a postage-paid return envelope.  (ECF No. 3.)

1   and involuntary medication.  (ECF No. 2 at 1.)  Petitioner must seek any injunctive or other relief

2   based on these issues in a civil rights case under 42 U.S.C. § 1983, not in a petition for a writ of

3   habeas corpus, because Section 1983 governs claims challenging the conditions of an inmate's

4   confinement.  *See Hill v. McDonough*, 547 U.S. 573, 579 (2006).[2]

5          For these reasons, the motion for a TRO is DENIED.

6          This order disposes of docket number 2.

7          **IT IS SO ORDERED.**

8   Dated: May 3, 2023

9

10

11                                                      JACQUELINE SCOTT CORLEY
                                                        United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

---

[2] The Court does not make any finding as to whether Petitioner's claims challenging the conditions of his confinement at NSH have merit.  If he wants to pursue such claims, he must do so in a complaint under Section 1983 filed in a new case.

2