UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL K. WILSON,<br><br>   Petitioner,<br><br> v.<br><br>SISKIYOU COUNTY SUPERIOR COURT,<br><br>   Respondent. | Case No. 23-cv-02083-JSC<br><br>**ORDER OF DISMISSAL**<br><br>(ECF No. 5) |

## INTRODUCTION

Petitioner, a California prisoner at Napa State Hospital ("NSH") who is proceeding without a lawyer, filed this petition for a writ of habeas corpus.[1] He has paid the filing fee. Along with the petition, he filed a motion for a temporary restraining order ("TRO") (ECF No. 2), which was denied (ECF No. 5). For the reasons discussed below, the petition is DISMISSED without prejudice.

## BACKGROUND

The petition indicates Petitioner was arrested, prosecuted, and jailed in Siskiyou County. (ECF No. 1 at 1.) Thereafter, he was transferred to NSH. (*Id.*) He makes a number of claims in the petition, some of which are difficult to understand. One category of claims appears to challenge the lawfulness of his confinement, including claims of false arrest and imprisonment, violations of a "code of judicial conduct," and allegations that he is a "Federally born American Citizen" who "never contracted away his sovereignty." (*Id.*) The remaining claims appear to challenge the conditions of his confinement in both the Siskiyou County Jail and NSH. These

---

[1] Petitioner states he seeks a petition under the All Writs Act (28 U.S.C. § 1651(a)). (ECF No. 1 at 1.) The proper basis for a habeas petition by a person seeking release from state custody is generally 28 U.S.C. § 2254 or, in rare cases, 28 U.S.C. § 2241. *See Dominguez v. Kernan*, 906 F.3d 1127, 1136-37 (9th Cir. 2018).

include claims of harassment, forcible medication, improper medical care, retaliation, tax fraud, and violations of a variety of federal laws, including the Americans With Disabilities Act, "Hippa rights," the United Nations Convention Against Torture, and "illegally blocked NATIONAL FOREST LANDS and WILLIAMS ACT." (*Id.* at 1-2.) He seeks release from custody and to have the Marshal transport him to federal court to allow him to pursue his lawsuits. (*Id.* at 2.)

**DISCUSSION**

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.*

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson,* 544 U.S. 74, 82 (2005)). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Id.* at 533-34 (quoting *Wilkinson*, 544 U.S. at 82). In fact, a § 1983 action is the exclusive remedy for claims by state prisoners that do not "lie at the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (internal quotation omitted). A claim that meets the statutory criteria of § 1983 may be asserted unless it is within the core of habeas corpus because "its success would release the claimant from confinement or shorten its duration." *Thornton v. Brown*, 757 F.3d 834, 841 (9th Cir. 2014).

Although the remedy sought by a prisoner is material, that the prisoner seeks release is not always enough for a claim to sound in habeas; the claim must actually challenge the basis of the underlying detention. *See Pinson v. Carvajal*, 69 F.4th 1059, 1072 (9th Cir. 2023). "[T]he relevant question is whether, based on the allegations in the petition, release is *legally required* irrespective of the relief requested." *Id.* (no habeas jurisdiction over claim that incarceration during COVID pandemic inherently violated the 8th Amendment; relief other than release, such as

2

1   following CDC guidelines, could provide remedy) (emphasis in original).

2   Under the foregoing authority, Petitioner may not pursue his claims challenging the
3   conditions of his confinement in a habeas petition. He must instead bring them in a civil rights
4   complaint filed under 42 U.S.C. § 1983. Therefore, Petitioner's claims challenging the conditions
5   of his confinement will be dismissed without prejudice to him bringing them in a complaint in a
6   new lawsuit or lawsuits. The Court notes that the proper venue for claims arising from conditions
7   at the Siskiyou County Jail is the United States District Court for the Eastern District of California,
8   and the proper venue for claims arising from NSH is this court. *See* 28 U.S.C. § 84.

9   To the extent Petitioner challenges the lawfulness of his confinement, he may bring such
10  claims in a petition for a writ of habeas corpus. This Court is not the proper venue for such
11  claims, however. Federal courts in California traditionally have chosen to hear habeas petitions
12  challenging the lawfulness of an inmate's confinement in the district of where the petitioner was
13  prosecuted. *See Dannenberg v. Ingle*, 831 F. Supp. 767, 768 (N.D. Cal. 1993); *Laue v. Nelson*,
14  279 F. Supp. 265, 266 (N.D. Cal. 1968). Petitioner was prosecuted Siskiyou County, which, as
15  noted, lies within the venue of the Eastern District of California. *See* 28 U.S.C. § 84(b).
16  Consequently, the Eastern District is the proper venue for Petitioner's claims challenging the
17  lawfulness of his confinement.

18  Where a case is filed in the wrong venue, the district court has the discretion either to
19  dismiss the case or transfer it to the proper federal court "in the interest of justice." 28 U.S.C. §
20  1406(a). Because a majority of the claims in the instant petition challenge the conditions of his
21  confinement and must be dismissed, the interests of justice warrant dismissal (rather than transfer)
22  of the claims challenging the lawfulness of his confinement without prejudice to filing them in a
23  new habeas petition in the United States District Court for the Eastern District of California.

24  Petitioner's request to be transported to federal court to "pursue" his "civil rights lawsuits"
25  is denied because he does not need to be physically present in federal court to pursue his cases.
26  He may file his pleadings and any other motions by mail. To the extent a court may determine
27  that his physical presence is needed, that court may issue the necessary order for his
28  transportation.

3

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED without prejudice. The motion for leave to proceed in forma pauperis is DENIED as unnecessary because Petitioner paid the filing fee.

The Clerk shall enter judgment and close the file.

This order resolves docket number 5.

**IT IS SO ORDERED.**

Dated: August 25, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge